■ JAMES R. MOFFATT, Respondent, v M. HALLSTEAD CHRIST, as Comptroller of the County of Nassau, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel Nassau County and the Nassau County Comptroller to pay the petitioner legal fees for services he rendered to the Warden of the Nassau County Correctional Center, which proceeding Special Term had previously converted into a plenary action for services rendered pursuant to CPLR 103 (subd [c]), the appeal is from an order of the Supreme Court, Nassau County, entered September 24, 1979, which granted petitioner's motion for summary judgment on the issue of liability for the legal fees in question, and set the matter down for trial to determine the value of the legal fees due petitioner. Order reversed, on the law, without costs or disbursements, petitioner's motion for summary judgment is denied, and summary judgment is granted to appellants dismissing the complaint. It is well settled that an attorney may not be compensated with public funds for services rendered a municipal officer unless the attorney has been retained in accordance with statutory authority *(Corning v Village of Laurel Hollow,* 48 NY2d 348; *Cahn v Town of Huntington,* 29 NY2d 451; *Seif v City of Long Beach,* 286 NY 382). It is also well established that, notwithstanding a lack of specific statutory authority, a public officer may possess implied authority to employ legal counsel in the good faith prosecution or defense of an action undertaken in the public interest and involving his official duties where the municipal attorney refused tò act, or was incapable of, or was disqualified from, acting *(Cahn v Town of Huntington, supra; Zablow v Incorporated Vil. of Freeport,* 41 Misc 2d 803). In the instant case, it is clear that the Warden of the Nassau County Correctional Center did not possess the express statutory authority to employ counsel (see County Law, § 409, subd 1; § 501; Nassau County Administrative Code, § 11-3.0, subd a). In addition, the record clearly reflects that the warden, purportedly acting in his official capacity, retained petitioner to institute a special proceeding against the Sheriff of Nassau County without first inquiring as to whether he actually possessed the authority to institute said proceeding, or whether the county attorney could, in fact, represent him, or whether the county attorney could resolve this internal dispute between two county officials without the necessity of litigation. Accordingly, the warden, in his official capacity, possessed neither express nor implied authority to retain petitioner, and therefore petitioner is not entitled to recover his legal fees from the county. Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.