Ronald A. HART

v.

COUNTY OF SAGADAHOC.

Supreme Judicial Court of Maine.

Argued March 3, 1992.
Decided May 12, 1992.

J. Michael Conley, Arlyn H. Weeks (orally) Conley, Haley, O'Neil & Kaplan, Bath, for appellant.

William Anderson, Dist. Atty., Bath, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, and COLLINS, JJ.

ROBERTS, Justice.

Ronald A. Hart, Sagadahoc County Judge of Probate, appeals from a summary

judgment entered in the Superior Court (Sagadahoc County, *Lipez, J.*) in favor of Sagadahoc County. On appeal Judge Hart contends that the court erred by (1) concluding that the County had no common law duty to pay the legal expenses of its probate judge; (2) denying Judge Hart's claim that the County was unjustly enriched; and (3) concluding that there was no genuine issue of material fact with regard to Judge Hart's claim of equitable estoppel. Finding no merit in any of these contentions, we affirm the judgment.

In the fall of 1988, the Committee on Judicial Responsibility and Disability was investigating a complaint against Judge Hart, in his capacity as a probate judge, alleging that he violated several canons of the Code of Judicial Conduct. In November 1988 Judge Hart retained a law firm to represent him. Thereafter the County was apprised of the complaint against Judge Hart. The parties disagree whether the county commissioners told the judge that the County would be responsible for his legal expenses. Judge Hart contends that in February 1989 the County represented that it would cover the payment of his legal fees. The county commissioners assert that they did not approve nor were they consulted concerning the retention of counsel by Judge Hart.

In any event, the County paid the bills for legal services presented to it by Judge Hart in February and April 1989. On June 20, 1989, the county commissioners wrote to the judge stating that since the insurer had denied coverage they would not authorize more than $10,000 in payment of his legal expenses. Pursuant to this cap, the County made a final payment in July 1989. A year later, we decided that Judge Hart had committed no ethical violations warranting sanctions. *Matter of Hart*, 577 A.2d 351 (Me.1990).

Following repeated refusals by the county commissioners to make any additional payments, Judge Hart filed a complaint seeking payment for his remaining legal expenses. On his motion for summary judgment and after a hearing, the Superior Court entered summary judgment in favor of the County. Judge Hart's appeal followed.

## I.

The parties agree that no state statute authorizes or requires reimbursement for attorney fees in these circumstances. Rather, Judge Hart claims that it is a common law rule that a public officer is entitled to indemnification for losses sustained in the discharge of his official duties if he acts in good faith in a matter in which the public body has an interest. Judge Hart's claim for reimbursement is a novel one in Maine. The general rule is that a municipal corporation or other public body may indemnify public officials, acting in good faith, for legal expenses incurred in suits brought against them for acts committed in the discharge of their duties. *See* Annotation, *Payment of attorneys' services in defending action brought against officials individually as within power or obligation of the public body*, 130 A.L.R. 736 (1941). *But see Lomelo v. City of Sunrise*, 423 So.2d 974, 976 (Fla.App.1982) (mayor is entitled to defense at the expense of the public in defending suits for misconduct while performing duties); *Ellison v. Reid*, 397 So.2d 352, 354 (Fla.App.1981) (public officers entitled to a defense at the expense of the public in lawsuit arising from performance of official duties and while serving a public purpose); *City of Chattanooga v. Harris*, 223 Tenn. 51, 442 S.W.2d 602 (1969) (city required by statute to reimburse police and fire personnel for legal expenses).

Judge Hart cites a number of reported cases from other jurisdictions relating to the authority of a governmental employer to reimburse its employee for losses, including counsel fees, incurred in connection with civil and criminal litigation arising out of the employee's performance of the duties of employment. *See Maitland v. Town of Thompson*, 129 Conn. 186, 27 A.2d 160 (1942) (town had the right to pay members of Board of Education attorney fees paid to defend libel action); *Askew v. Green, Simmons, Green & Hightower*, 348 So.2d 1245 (Fla.App.1977) (county ordinance authorized payment of public funds for attorney fees incurred in defending in-

nocent county commissioner); *Machado v. Bal,* 31 Haw. 559 (1930) (within the power of the county supervisors to reimburse police officer for legal fees to defend civil or criminal proceeding); *Snowden v. Anne Arundel County,* 295 Md. 429, 456 A.2d 380 (1983) (upheld county ordinance authorizing creation of a fund to prepay or reimburse legal expenses incurred by police and fire personnel charged with civil or criminal offenses arising out of their job); *Sonnenberg v. Farmington Township,* 39 Mich. App. 446, 197 N.W.2d 853 (1972) (municipality has the discretion to indemnify a police officer for expenses defending civil or criminal charges that arose out of his or her employment); *Valecius v. City of Newark,* 84 N.J. 591, 423 A.2d 988 (1980) (statute provided for reimbursement of police officer's legal expenses for successful defense of disciplinary proceedings arising from duties); *Cobb v. City of Cape May,* 113 N.J.Super. 598, 274 A.2d 622, 624 (1971) (city may reimburse mayor for expenses incurred in defending libel suit); *Curry v. City of Portage,* 195 Wisc. 35, 217 N.W. 705 (1928) (police and fire personnel reimbursed by statute for legal expenses). The majority of these cases, however, do not require a governmental employer to reimburse its employee. Rather, they decide that the government has the authority to pay if it elects to do so. Applicable authority from other jurisdictions simply does not support Judge Hart's contention that a common law duty has developed entitling him to reimbursement of his legal fees from the County.

## II.

■ Judge Hart next argues that his actions were taken in his capacity as a probate judge, a member of the judiciary, and that his successful defense of the charges against him resulted in an unjust enrichment to Sagadahoc County. The general rule is that when one person has been unjustly enriched at the expense of another, the law will imply a promise to pay on the part of the recipient. *See Estate of White,* 521 A.2d 1180, 1182 (Me. 1987). Three elements must be proved in order to establish a claim based on unjust enrichment:

1.  A benefit conferred upon the defendant by the plaintiff;
2.  An appreciation or knowledge by the defendant of the benefit; and
3.  The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

12 Williston, *Contracts* § 1479, at 276 (3d ed. 1970) (footnote omitted).

■ A probate judge is not a county officer. *See* 30-A M.R.S.A. § 1(2) (Pamph. 1991). *See generally* 4 M.R.S.A. §§ 201–352 (1989). Although counties are required to pay the salary of a probate judge, *see* 30-A M.R.S.A. § 2 (Pamph.1991), the county has no authority to exert control over the activities of the probate judge or the procedures of the probate court. The activities and procedures of each probate court are regulated by the state. *See* 4 M.R.S.A. §§ 1, 7 to 9-A (1989). In addition, the state is responsible for the discipline of probate judges. *See* 4 M.R.S.A. § 9-B (1989). Sagadahoc County bears no responsibility or liability for the consequences of judicial actions. Thus Sagadahoc County did not receive an unjust benefit from Judge Hart's exoneration.

## III.

■ Judge Hart next argues that the County is required, by the principle of equitable estoppel, to pay the legal expenses of its probate judge when those expenses were incurred in reliance upon an express promise by the County. Judge Hart alleges that the county commissioners told him that the County would be responsible for his legal expenses, and, therefore, the County should be equitably estopped from denying responsibility for his attorney fees.

■ Equitable estoppel may be applied against a governmental body. *E.g., City of Auburn v. Desgrosseilliers,* 578 A.2d 712 (Me.1990). As a general proposition, however, a governmental unit is not subject to estoppel to the same extent as a private party. *See Trull Nursing Home, Inc. v. State Dept. of Human Services,* 461 A.2d 490, 499 n. 16 (Me.1983) ("Estoppel against the government should be 'carefully and

sparingly applied.' " (Citation omitted)). The essential elements of equitable estoppel include misrepresentation and reliance on the misrepresentation. *See generally* 28 Am.Jur.2d *Estoppel and Waiver* § 35 (1966). "Proper application of the doctrine of equitable estoppel rests on the factual determination that 'the declaration or acts relied upon must have induced the party seeking to enforce the estoppel to do what resulted to his detriment, and what he would not otherwise have done.' " *Desgrosseilliers*, 578 A.2d at 714 (citations omitted). Furthermore, the reliance upon which estoppel is claimed must have been reasonable. *Id.*

The court found no genuine issue of fact concerning fraud or misrepresentation. Assuming, however, a representation on the part of the County that it would pay legal expenses, there was no reliance. Judge Hart retained counsel before receiving any representation from the County concerning his attorney fees. "Before the doctrine of estoppel may be invoked, the declarations or acts relied upon must have induced the party seeking to enforce an estoppel to do what resulted to his detriment and what he would not otherwise have done." *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979). *See also Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 105–06 (Me. 1984); *Townsend v. Appel*, 446 A.2d 1132, 1133–34 (Me.1982). Moreover, any confusion was clarified by the commissioners on June 20 when they wrote that the County would cover only $10,000 in legal fees. Thus the only period when Judge Hart's reliance could have been justified was from February to June of 1989. The County paid the legal expenses incurred during that period. Accordingly, Judge Hart's equitable estoppel claim must fail for lack of any genuine issue concerning his reliance.

The entry is:

Judgment affirmed.

All concurring.