June 24, 1993 [NOT FOR PUBLICATION]
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 93-1253

ROSS B. GRIFFIN, ET AL.,

Plaintiffs, Appellants,

v.

HERBERT T. SCHNEIDER,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U. S. District Judge]

Before

Selya, Cyr and Boudin, Circuit Judges.

Linda Christ, with whom Jed Davis and Jim Mitchell and Jed

Davis, P.A. were on brief, for appellants.

Peter B. Bickerman, with whom Lipman and Katz, P.A. was on

brief, for appellee.

Per Curiam. Plaintiffs, former employees of Insituform
Per Curiam.

of New England, Inc. (Insituform), brought suit in Maine's

federal district court against defendant-appellee Herbert T.

Schneider, the chief executive officer of Insituform. The

plaintiffs filed several complaints in rapid succession, but,

each time, the defendant prevailed on a motion to dismiss. See

Fed. R. Civ. P. 12(b)(6). Following entry of final judgment, the

plaintiffs appealed.1 We affirm.

On appeal, plaintiffs assign error to the district

court's dismissal of four claims.2 We need not dally. We have

repeatedly observed that, when the trial court has handled a

matter appropriately and adequately articulated a sound basis for

its rulings, "a reviewing tribunal should hesitate to wax

longiloquent simply to hear its own words resonate." In re San

Juan DuPont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.

1993). This observation has particular pertinence here: not

only did the magistrate judge and the district judge

satisfactorily explain the reasons why plaintiffs' third amended

complaint fails to state one or more claims upon which relief can

1There is some confusion as to which counts of which
complaints were dismissed. At oral argument in this court,
however, the parties stipulated that the judgment below
terminated all claims against Schneider; and that the operative
complaint, for purposes of this appeal, is plaintiffs' third
amended complaint. We accept the stipulation.

2The third amended complaint asserted nine claims in toto.

Since plaintiffs' brief does not address the remaining five
claims, the dismissal of those claims must stand. See, e.g.,

United States v. Slade, 980 F.2d 27, 30 n.3 (1st Cir. 1992)

(noting that arguments made below, but not renewed on appeal, are
deemed waived).

2

be granted, but also, the case is so idiosyncratic that it

possesses extremely limited precedential value. Accordingly, we

affirm the dismissal of plaintiffs' third amended complaint for

substantially the reasons elucidated below, adding, however,

several brief comments.

I

As to plaintiffs' claims for fraudulent

misrepresentation, tortious interference, and unjust enrichment,

we rely essentially upon the grounds for dismissal identified

both by the magistrate, see Recommended Decision (Sept. 21,

1992), and by the district judge (in the course of adopting the

magistrate's recommendations as to those three counts). See

Order and Memorandum of Opinion (Nov. 2, 1992). We supplement

these offerings by supplying a few embellishments.

1. The fraudulent misrepresentation count (which

presents perhaps the closest question) still fails, after several

opportunities to amend, to allege fraud with the requisite

particularity. See, e.g., Greenstone v. Cambex Corp., 975 F.2d

22, 25-26 (1st Cir. 1992) (discussing need for specific factual

allegations to particularize claims for fraud); Powers v. Boston

Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991) (discussing

specificity required in pleading fraud); McGinty v. Beranger

Volkswagen, Inc., 633 F.2d 226, 228-29 (1st Cir. 1980) (similar);

see generally Fed. R. Civ. P. 9(b). The order for dismissal is,

therefore, supportable as to this claim.

2. The tortious interference count, which asserts that

3

the defendant wrongly interfered with plaintiffs' contracts of

employment with Insituform, fails as a matter of law. When a

corporate officer acts in his official capacity, his acts, in

law, are acts of the corporation. See, e.g., DeBrecini v. Graf

Bros. Leasing, Inc., 828 F.2d 877, 879 (1st Cir. 1987), cert.

denied, 484 U.S. 1064 (1988). Hence, the weight of authority is

to the effect that a corporate officer can "interfere" with a

corporation's contracts, in a legally relevant sense, only by

conduct undertaken outside, or beyond the scope of, his official

capacity. See, e.g., Michelson v. Exxon Research & Eng. Co., 808

F.2d 1005, 1007-08 (3d Cir. 1987) (holding that a corporate

officer acting in his official capacity could not tortiously

interfere with a corporate contract because corporations act only

through their officers and agents); Rao v. Rao, 718 F.2d 219, 225

(7th Cir. 1983) (ruling that a sole shareholder, officer, and

director of a corporation is not considered to be a separate

entity capable of inducing the corporation to breach its

contracts); American Trade Partners, L.P. v. A-1 Int'l Importing

Enterps., Ltd., 757 F. Supp. 545, 555 (E.D. Pa. 1991) (explaining

that, "[b]y definition, [tortious interference] necessarily

involves three parties," but, when an employee is acting within

the scope of his authority, he and his corporate employer are

considered the same entity); Hickman v. Winston County Hosp. Bd.,

508 So.2d 237, 239 (Ala. 1987) (holding that, unless acting

outside the scope of their employment and with actual malice, the

officers of a corporation cannot be held liable for tortious

4

interferences with contracts to which the corporation is a

party); see also Restatement (Second) of Torts 766. We believe

that the Maine courts would follow this rule. And, here, the

very thesis of plaintiffs' claim is that Schneider, by virtue of

his controlling position in Insituform, caused Insituform to

underpay their wages. This is merely another way of saying that

plaintiffs' claim is premised on Schneider's actions in an

official capacity. Ergo, the lower court appropriately dismissed

the tortious interference count.3

3. The unjust enrichment count founders because

plaintiffs neither explain how the defendant was unjustly

enriched, that is, how Schneider (as opposed to the corporation

that he allegedly controlled) personally benefitted from the

purported underpayment of wages, nor set forth facts from which a

plausible inference of unjust enrichment might be drawn.4 The

defendant's enrichment is, of course, an essential element of the

3We note, moreover, that plaintiffs have failed to plead the
elements of a tortious interference claim. See C.N. Brown Co. v.

Gillen, 569 A.2d 1206, 1210 (Me. 1990) (setting out elements of a

tortious interference claim). In particular, they have failed to
set forth facts tending to show that Schneider, through fraud,
intimidation, or undue influence, procured a breach of the
specified contracts. See id. (requiring demonstration of fraud

or its equivalent to bottom a tortious interference claim).

4A purely conclusory statement, contradicted by the very
facts described in plaintiffs' complaint, cannot satisfactorily
fill this void. See, e.g., Correa-Martinez v. Arrillaga-

Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990) (in passing on Rule

12(b)(6) motion, a court need not credit subjective
characterizations or naked conclusions); Dartmouth Review v.

Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (discussing

when "'conclusions' become 'facts' for pleading purposes");
Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert.

denied, 483 U.S. 1021 (1987).

5

putative cause of action. See A.F.A.B. Inc. v. Town of Old

Orchard Beach, 610 A.2d 747, 749 (Me. 1992); Hart v. County of

Sagadahoc, 609 A.2d 282, 284 (Me. 1992); 12 Williston, Contracts

1479, at 276 (3d ed. 1970). Hence, absent some meaningful

basis for an allegation that Schneider himself was unjustly

enriched, the count cannot survive.5 See Gooley v. Mobil Oil

Corp., 851 F.2d 513, 515 (1st Cir. 1988) (holding that, to pass

muster under Rule 12(b)(6), a complaint must "set forth factual

allegations, either direct or inferential, respecting each

material element necessary to sustain recovery under [the legal

theory thought to be actionable]").

II

This brings us to count VIII of the third amended

complaint, which charges Schneider, in his capacity as a trustee

of various corporate pension and profit-sharing plans, with

violating a fiduciary duty. With regard to this count, we affirm

the dismissal substantially on the basis of District Judge

Brody's well-reasoned analysis. See Order and Memorandum of

Opinion (Feb. 17, 1993). In the third amended complaint,

plaintiffs aver that "[c]ontributions to . . . the Plans were

based on the level of compensation" actually paid to covered

5The third amended complaint alleges that Schneider was the
"owner" of Insituform and "controlled its operations." However,
as painstakingly explicated by the magistrate, plaintiffs allege
no facts sufficient, under Maine law, to warrant the disregard of
Insituform's corporate identity, the piercing of its corporate
veil, or the imposition of "alter ego liability" on Schneider,
personally. See Recommended Decision (Sept. 21, 1992), at 6-8,

and cases cited therein. Like the district judge, we adopt
Magistrate Judge Beaulieu's reasoning on this point.

6

employees. Insituform apparently funded the plans at this level.

Thus, even if defendant, in his capacity as a trustee, had a

fiduciary obligation to collect required contributions from a

recalcitrant employer a matter on which we do not opine he

did not breach it, for the contributions matched the wages

actually paid. Hence, dismissal is appropriate under existing

circumstances.

Nevertheless, we need go further; the form of the

dismissal gives us pause. The record reflects that plaintiffs

are prosecuting a parallel action against Insituform in the state

courts. There, they allege among other things that the

corporation underpaid their wages. Should they prevail on that

theory, then, presumably, benefit plan contributions would have

to be recomputed based on increased levels of covered

compensation. And if that circumstance eventuated, the defendant

might well be held accountable if he fails to take appropriate

action to recover incremental amounts due to the plans. For this

reason, we think that, unlike the rest of the third amended

complaint, count VIII ought not to have been dismissed with

prejudice. Rather, it should have been dismissed for lack of

ripeness, without prejudice to the plaintiffs' right to bring a

future suit to enforce defendant's fiduciary obligations should

changed circumstances (i.e., a judgment or settlement revising

the historical payroll and an ensuing failure to collect added

contributions to the plans) subsequently justify such an

initiative. We, therefore, direct the district court to modify

7

the final judgment in this single respect.

Affirmed as modified. Costs to appellee.

8