995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ross B. GRIFFIN, et al., Plaintiffs, Appellants,
v.
Herbert T. SCHNEIDER, Defendant, Appellee.
 No. 93-1253.
 United States Court of Appeals,
First Circuit.
 June 24, 1993.
 
 Appeal from the United States District Court for the District of Maine
 Linda Christ, with whom Jed Davis and Jim Mitchell and Jed Davis, P.A. were on brief, for appellants.
 Peter B. Bickerman, with whom Lipman and Katz, P.A. was on brief, for appellee.
 D.Me.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiffs, former employees of Insituform of New England, Inc. (Insituform), brought suit in Maine's federal district court against defendant-appellee Herbert T. Schneider, the chief executive officer of Insituform. The plaintiffs filed several complaints in rapid succession, but, each time, the defendant prevailed on a motion to dismiss. See Fed. R. Civ. P. 12(b)(6). Following entry of final judgment, the plaintiffs appealed.[1] We affirm.
 
 
 2
 On appeal, plaintiffs assign error to the district court's dismissal of four claims.[2] We need not dally. We have repeatedly observed that, when the trial court has handled a matter appropriately and adequately articulated a sound basis for its rulings, "a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan DuPont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). This observation has particular pertinence here: not only did the magistrate judge and the district judge satisfactorily explain the reasons why plaintiffs' third amended complaint fails to state one or more claims upon which relief can be granted, but also, the case is so idiosyncratic that it possesses extremely limited precedential value. Accordingly, we affirm the dismissal of plaintiffs' third amended complaint for substantially the reasons elucidated below, adding, however, several brief comments.
 
 
 3
 * As to plaintiffs' claims for fraudulent misrepresentation, tortious interference, and unjust enrichment, we rely essentially upon the grounds for dismissal identified both by the magistrate, see Recommended Decision (Sept. 21, 1992), and by the district judge (in the course of adopting the magistrate's recommendations as to those three counts). See Order and Memorandum of Opinion (Nov. 2, 1992). We supplement these offerings by supplying a few embellishments.
 
 
 4
 1. The fraudulent misrepresentation count (which presents perhaps the closest question) still fails, after several opportunities to amend, to allege fraud with the requisite particularity. See, e.g., Greenstone v. Cambex Corp., 975 F.2d 22, 25-26 (1st Cir. 1992) (discussing need for specific factual allegations to particularize claims for fraud); Powers v. Boston Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991) (discussing specificity required in pleading fraud); McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228-29 (1st Cir. 1980) (similar); see generally Fed. R. Civ. P. 9(b). The order for dismissal is, therefore, supportable as to this claim.
 
 
 5
 2. The tortious interference count, which asserts that the defendant wrongly interfered with plaintiffs' contracts of employment with Insituform, fails as a matter of law. When a corporate officer acts in his official capacity, his acts, in law, are acts of the corporation. See, e.g., DeBrecini v. Graf Bros. Leasing, Inc., 828 F.2d 877, 879 (1st Cir. 1987), cert. denied, 484 U.S. 1064 (1988). Hence, the weight of authority is to the effect that a corporate officer can "interfere" with a corporation's contracts, in a legally relevant sense, only by conduct undertaken outside, or beyond the scope of, his official capacity. See, e.g., Michelson v. Exxon Research & Eng. Co., 808 F.2d 1005, 1007-08 (3d Cir. 1987) (holding that a corporate officer acting in his official capacity could not tortiously interfere with a corporate contract because corporations act only through their officers and agents); Rao v. Rao, 718 F.2d 219, 225 (7th Cir. 1983) (ruling that a sole shareholder, officer, and director of a corporation is not considered to be a separate entity capable of inducing the corporation to breach its contracts); American Trade Partners, L.P. v. A-1 Int'l Importing Enterps., Ltd., 757 F. Supp. 545, 555 (E.D. Pa. 1991) (explaining that, "[b]y definition, [tortious interference] necessarily involves three parties," but, when an employee is acting within the scope of his authority, he and his corporate employer are considered the same entity); Hickman v. Winston County Hosp. Bd., 508 So.2d 237, 239 (Ala. 1987) (holding that, unless acting outside the scope of their employment and with actual malice, the officers of a corporation cannot be held liable for tortious interferences with contracts to which the corporation is a party); see also Restatement (Second) of Torts § 766. We believe that the Maine courts would follow this rule. And, here, the very thesis of plaintiffs' claim is that Schneider, by virtue of his controlling position in Insituform, caused Insituform to underpay their wages. This is merely another way of saying that plaintiffs' claim is premised on Schneider's actions in an official capacity. Ergo, the lower court appropriately dismissed the tortious interference count.[3]
 
 
 6
 3. The unjust enrichment count founders because plaintiffs neither explain how the defendant was unjustly enriched, that is, how Schneider (as opposed to the corporation that he allegedly controlled) personally benefitted from the purported underpayment of wages, nor set forth facts from which a plausible inference of unjust enrichment might be drawn.[4] The defendant's enrichment is, of course, an essential element of the putative cause of action. See A.F.A.B. Inc. v. Town of Old Orchard Beach, 610 A.2d 747, 749 (Me. 1992); Hart v. County of Sagadahoc, 609 A.2d 282, 284 (Me. 1992); 12 Williston, Contracts § 1479, at 276 (3d ed. 1970). Hence, absent some meaningful basis for an allegation that Schneider himself was unjustly enriched, the count cannot survive.[5] See Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988) (holding that, to pass muster under Rule 12(b)(6), a complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under [the legal theory thought to be actionable]").
 
 II
 
 7
 This brings us to count VIII of the third amended complaint, which charges Schneider, in his capacity as a trustee of various corporate pension and profit-sharing plans, with violating a fiduciary duty. With regard to this count, we affirm the dismissal substantially on the basis of District Judge Brody's well-reasoned analysis. See Order and Memorandum of Opinion (Feb. 17, 1993). In the third amended complaint, plaintiffs aver that "[c]ontributions to ... the Plans were based on the level of compensation" actually paid to covered employees. Insituform apparently funded the plans at this level. Thus, even if defendant, in his capacity as a trustee, had a fiduciary obligation to collect required contributions from a recalcitrant employer-a matter on which we do not opine-he did not breach it, for the contributions matched the wages actually paid. Hence, dismissal is appropriate under existing circumstances.
 
 
 8
 Nevertheless, we need go further; the form of the dismissal gives us pause. The record reflects that plaintiffs are prosecuting a parallel action against Insituform in the state courts. There, they allege among other things that the corporation underpaid their wages. Should they prevail on that theory, then, presumably, benefit plan contributions would have to be recomputed based on increased levels of covered compensation. And if that circumstance eventuated, the defendant might well be held accountable if he fails to take appropriate action to recover incremental amounts due to the plans. For this reason, we think that, unlike the rest of the third amended complaint, count VIII ought not to have been dismissed with prejudice. Rather, it should have been dismissed for lack of ripeness, without prejudice to the plaintiffs' right to bring a future suit to enforce defendant's fiduciary obligations should changed circumstances (i.e., a judgment or settlement revising the historical payroll and an ensuing failure to collect added contributions to the plans) subsequently justify such an initiative. We, therefore, direct the district court to modify the final judgment in this single respect.
 
 
 9
 Affirmed as modified. Costs to appellee.
 
 
 
 [1]
 There is some confusion as to which counts of which complaints were dismissed. At oral argument in this court, however, the parties stipulated that the judgment below terminated all claims against Schneider; and that the operative complaint, for purposes of this appeal, is plaintiffs' third amended complaint. We accept the stipulation
 
 
 [2]
 The third amended complaint asserted nine claims in toto. Since plaintiffs' brief does not address the remaining five claims, the dismissal of those claims must stand. See, e.g., United States v. Slade, 980 F.2d 27, 30 n.3 (1st Cir. 1992) (noting that arguments made below, but not renewed on appeal, are deemed waived)
 
 
 [3]
 We note, moreover, that plaintiffs have failed to plead the elements of a tortious interference claim. See C.N. Brown Co. v. Gillen, 569 A.2d 1206, 1210 (Me. 1990) (setting out elements of a tortious interference claim). In particular, they have failed to set forth facts tending to show that Schneider, through fraud, intimidation, or undue influence, procured a breach of the specified contracts. See id. (requiring demonstration of fraud or its equivalent to bottom a tortious interference claim)
 
 
 [4]
 A purely conclusory statement, contradicted by the very facts described in plaintiffs' complaint, cannot satisfactorily fill this void. See, e.g., Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990) (in passing on Rule 12(b)(6) motion, a court need not credit subjective characterizations or naked conclusions); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (discussing when " 'conclusions' become 'facts' for pleading purposes"); Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987)
 
 
 [5]
 The third amended complaint alleges that Schneider was the "owner" of Insituform and "controlled its operations." However, as painstakingly explicated by the magistrate, plaintiffs allege no facts sufficient, under Maine law, to warrant the disregard of Insituform's corporate identity, the piercing of its corporate veil, or the imposition of "alter ego liability" on Schneider, personally. See Recommended Decision (Sept. 21, 1992), at 6-8, and cases cited therein. Like the district judge, we adopt Magistrate Judge Beaulieu's reasoning on this point