[886 NYS2d 420]

In the Matter of MICHAEL F. BARKAN, Respondent-Appellant, v
ROSLYN UNION FREE SCHOOL DISTRICT et al., Appellants-
Respondents.

Second Department, September 15, 2009

## APPEARANCES OF COUNSEL

*Ingerman Smith, LLP*, Mount Kisco (*John H. Gross, Lawrence W. Reich, Donna M. Haugen* and *Edward H. McCarthy* of counsel), for appellants-respondents.

*Rosenberg & Fortuna, LLP*, Garden City (*David I. Rosenberg* and *Arthur S. Laitman* of counsel), for respondent-appellant.

### OPINION OF THE COURT

SKELOS, J.

The principal issue on this appeal is whether a board of education that has in sum and substance adopted Public Officers Law § 18 is obligated to provide a defense and indemnification to one of its employees against whom the school district, on behalf of the board of education, has commenced a civil action. We hold that if the board of education or the school district, on its behalf, commences a civil action against one of its employees, neither the duty to defend nor the duty to indemnify arises.

Michael F. Barkan was a volunteer member of the Board of Education (hereinafter the Board) of the Roslyn Union Free School District (hereinafter the School District) for 19 years, from July 1985 until June 2004. On or about April 21, 2005, the School District commenced an action (hereinafter the underly-

ing action) against Barkan and other members of the Board, alleging, inter alia, that the Board members failed to properly monitor the School District's finances and detect the theft of millions of dollars by former School District employees during a six-year period from 1998 to 2004. The allegations in the underlying action with respect to Barkan sound in, among other things, negligence and breach of fiduciary duty. By resolution dated March 31, 2005, the Board authorized its special counsel to commence the underlying action.

Barkan sent a notice of the summons and verified complaint in the underlying action to the School District's Interim Superintendent of Schools on April 25, 2005. By letter dated August 23, 2005, the School District advised Barkan that he was not entitled to a defense or indemnification in the underlying action pursuant to Public Officers Law § 18, which the Board previously had adopted in sum and substance by resolution dated August 7, 1986, as reaffirmed by resolution dated July 6, 2004 (*see generally* Public Officers Law § 18 [2]). The provision, as adopted by the Board in Section "VII. LEGAL" of its bylaws, provides, in pertinent part:

> "A. Indemnification of Board of Education Members and District Employees
>
> "RESOLVED that, pursuant to Section 18 of the Public Officers Law of the State of New York, the following provisions for the defense and indemnification of officers and employees of the Roslyn Union Free School District are hereby adopted:
>
> "Defense and Indemnification of School District Employees . . .
>
> "2. Defense:
>
> "(a) Upon compliance by the employee with the provisions of Paragraph 4 hereof, the Board shall provide for the defense of the employee [defined, in part, as a member of the Board] in any civil action . . . arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. This duty to provide a defense shall *not* arise where such civil action or proceeding is brought *by or on behalf of the Board* . . .
>
> "3. Indemnification

"(a) The Board shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court or in the amount of a settlement of a claim for lawful damages . . . The duty to indemnify . . . shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee" (emphasis added).

Thereafter, the School District, by resolution of its Board adopted on September 8, 2005, denied Barkan's request for a defense "based upon the plain language of Public Officers Law, § 18 (3)."

Barkan commenced this hybrid proceeding pursuant to CPLR article 78 to review the determination of the School District dated August 23, 2005, which denied his request for a defense and indemnification in the underlying action and the determination of the Board dated September 8, 2005, which denied his request for a defense in the underlying action, and action, inter alia, for a judgment declaring that he is entitled to a defense and indemnification in the underlying action. Barkan argued, inter alia, that the denial of a defense and indemnification was arbitrary and capricious because the underlying action was commenced by the School District, not the Board, and thus, he was entitled to a defense and indemnification in accordance with the Board's bylaws.

The Supreme Court rejected Barkan's distinction between the School District and the Board and upheld the determination that Barkan was not entitled to a defense in the underlying action (2006 NY Slip Op 30595[U]). The court, however, granted that branch of his petition which was to review so much of the School District's determination dated August 23, 2005, as denied his request for indemnification in the underlying action to the extent that it vacated and annulled that portion of the determination and held that he could reapply for indemnification and reimbursement of legal fees after entry of judgment or prior to execution of a stipulation of settlement in the underlying action. The court reasoned that, unlike the provision governing the duty to defend, the only exclusion (other than for acts outside the scope of employment) under the indemnification provision pertained to losses resulting from the intentional wrongdoing or recklessness of the employee. Consequently, the court found that the School District, in effect, "could not

rationally determine that no indemnification was available to BARKAN at the time of its August 23, 2005 letter, unless the acts or omissions complained of were outside the scope of employment, which proposition is unsupported by the record to date" (*id.* at *6). Thus, the court concluded that any decision to deny indemnification was premature because a determination as to whether Barkan acted intentionally or recklessly had not yet been made. The court permitted Barkan to reapply to the Board for indemnification and the reimbursement of legal fees, in effect, after that determination was made in the underlying action upon entry of judgment or prior to execution of a stipulation of settlement therein.

We modify.

The determinations dated August 23, 2005, and September 8, 2005, that Barkan was not entitled to a defense in the underlying action were neither irrational, nor arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). While the underlying action was commenced by the School District, not the Board, the School District did so, in effect, on behalf of the Board with whose interests it is aligned (*see Matter of Board of Educ. of Union-Endicott Cent. School Dist. v New York State Pub. Empl. Relations Bd.*, 250 AD2d 82, 84 [1998]). Further, the Board expressly authorized the commencement of the underlying action by resolution (*see Matter of Gersen v Mills*, 290 AD2d 839, 841 n 3 [2002]; *see generally* Education Law § 1709 [33]).

Moreover, pursuant to Public Officers Law § 18 (1) (a) (ii), the term "public entity" as used in the "defense and indemnification" provision from which the analogous provision of the Board's bylaws was adopted, is defined as, inter alia, "a school district . . . or any other governmental entity *or combination or association of governmental entities* operating a public school" (emphasis added). Whereas Public Officers Law § 18 (3) (a) provides that the duty to provide a defense shall not arise where a civil action is brought by or at the behest of the "public entity employing such employee," that provision, as adopted by the Board and tailored to specify its "combination or association of governmental entities," referred to itself and such combination or association as "the Board." Thus, when defining the limitation of the duty for actions brought by or on behalf of itself against an employee, the only rational interpretation is that the Board and the School District were intended to be construed as

part of one and the same public entity for purposes of this provision such that the duty to defend would not arise when a civil action was commenced by either the Board or the School District, or both, against an employee of either. Accordingly, the Supreme Court properly concluded that there was no duty to defend because the underlying action which was commenced against an employee of the Board, although commenced by the School District, was brought by or on behalf of the Board, thereby constituting a "civil action . . . brought by or at the behest of the public entity employing such employee" (Public Officers Law § 18 [3] [a]; *see* Public Officers Law § 18 [1] [a] [ii]).

Contrary to the Supreme Court's conclusion, however, the School District correctly determined that Barkan was not entitled to indemnification in the underlying action (*see* Public Officers Law § 18 [4]). The legislative history of Public Officers Law § 18 supports the conclusion that there is no obligation to indemnify an employee in an action brought by the Board or School District against one of its employees. In the summary of the bill's provisions contained in the Memorandum of the Law Revision Commission Relating to Indemnification and Defense of Public Officers and Employees, the Law Revision Commission expressly stated that the "defense and indemnification protections would be limited to civil actions and proceedings [and] *would not be available in actions or proceedings where initiated by the public employer*" (1981 NY Legis Doc No. 65[E], reprinted in 1981 McKinney's Session Laws of NY, at 2314 [emphasis added]). The Memorandum of the Executive Chamber approving Public Officers Law § 18 reiterated this same prohibition on the availability of both the "defense and indemnification protections" of the new law (Approval Mem for 1981 NY Senate Bill S1710-A, Bill Jacket, L 1981, ch 277). Further, an opinion of the State Comptroller also concluded that "[t]he defense and indemnification provisions of Public Officers Law, § 18 are intended primarily to apply to damage actions brought by third parties against municipal officers and employees and do not apply to claims made by a municipality against its own officers and employees" (1987 Ops St Comp No. 87-48, available at 1987 WL 61272, *2 [June 22, 1987]).

While, as the Supreme Court notes in its decision, the duties to provide a defense and indemnification, respectively, are "governed by different provisions" (2006 NY Slip Op 30595[U],

*3), one cannot be construed without reference to the other. In Public Officers Law § 18 (5), as adopted by the Board in paragraph 4 of section VII of its bylaws, both the duty to defend and the duty to indemnify are conditioned upon the employee's delivery of a request to provide a defense to the "chief legal officer of the public entity or to its chief administrative officer," here, the "Superintendent of Schools or School Board Attorney." Thus, where, as here, that request for a defense was properly denied, it rationally follows that the duty to indemnify, governed by the same condition, does not independently exist (*see e.g. Matter of Board of Educ. of W. Babylon Union Free School Dist.*, 21 Ed Dept Rep 41, 44 [Decision No. 10,592] [board member not entitled to reimbursement of legal expenses under Education Law § 3811, where they were incurred in the defense of a proceeding brought against him by the school district]; *Appeal of Watkins*, 31 Ed Dept Rep 101, 103-104 [Decision No. 12,584] [Commissioner of Education rejected request of the superintendent of a school district for reimbursement of legal fees incurred in defense of disciplinary charges brought against him by the school district], citing *Matter of Casey v Tieman*, 110 AD2d 167, 175 [1985]).

Moreover, the general principle that the duty to defend is broader than the duty to indemnify, which is applicable to private insurance contracts, is also applicable here, where a public entity has undertaken those duties (*see Frontier Ins. Co. v State of New York*, 87 NY2d 864, 866-867 [1995]; *Giordano v O'Neill*, 131 AD2d 722, 723 [1987]; *see also Matter of LoRusso v New York State Off. of Ct. Admin.*, 229 AD2d 995 [1996] [opining that under Public Officers Law § 17, the duty of the State to defend is much broader than its duty to indemnify]; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 235 [1992] [analogizing Public Officers Law § 18 to private insurance contracts in interpreting the 10-day notice requirement of Public Officers Law § 18 (5)]; *cf. Matter of Garcia v Abrams*, 98 AD2d 871, 872 [1983] [applying the principles pertaining to the interpretation of former Insurance Law § 167 (5), governing an insured's duty to cooperate, to the cooperation provision of Public Officers Law § 17 (4) (ii)]; *see generally Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984] [duty to defend broader than duty to indemnify]; *Matter of Hunt v Hamilton County*, 235 AD2d 758, 760 [1997] [same]).

Given the legislative history of Public Officers Law § 18 and the general principles governing the duties to defend and

indemnify, the School District's determination that absent a duty to defend, it did not have a duty to indemnify Barkan was neither irrational, nor arbitrary and capricious (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d at 230-231). Thus, there was no basis to allow Barkan to reapply for indemnification and reimbursement of legal fees after entry of judgment or prior to execution of a stipulation of settlement in the underlying action. Accordingly, we conclude that the Supreme Court erred in granting that branch of the petition which was to review so much of the School District's determination as denied Barkan's request for indemnification to the extent that it vacated and annulled that portion of the determination, in effect, without prejudice to reapply for indemnification and reimbursement of legal fees after entry of judgment or prior to execution of a stipulation of settlement in the underlying action.

In light of our determination, the parties' remaining contentions either are without merit or need not be addressed.

Accordingly, the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to review so much of the District's determination dated August 23, 2005, as denied Barkan's request for indemnification in the pending action, to the extent that it vacated and annulled that portion of the determination, in effect, without prejudice to reapply for indemnification and reimbursement of legal fees after entry of judgment or prior to execution of a stipulation of settlement in the underlying action and we substitute therefor a provision denying that branch of the petition; and as so modified, the judgment is affirmed insofar as appealed and cross-appealed from.

MASTRO, J.P., DILLON and ENG, JJ., concur.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to review so much of the determination of the Roslyn Union Free School District dated August 23, 2005, as denied the request of Michael F. Barkan for indemnification in the pending action, to the extent that it vacated and annulled that portion of the determination, in effect, without prejudice to reapply for indemnification and reimbursement of legal fees after entry of judgment or prior to execution of a stipulation of settlement in the pending action, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is

affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the Roslyn Union Free School District and the Board of Education of the Roslyn Union Free School District.