Matter of Khader v City of Yonkers (2025 NY Slip Op 06321)

Matter of Khader v City of Yonkers

2025 NY Slip Op 06321

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-08109
 (Index No. 64734/22)

[*1]In the Matter of Michael Khader, respondent,
v
City of Yonkers, et al., appellants.

Harris Beach Murtha Cullina PLLC, Pittsford, NY (Kyle D. Gooch and Darius P. Chafizadeh of counsel), for appellants.
Newman Ferrara LLP, New York, NY (Randolph M. McLaughlin and Debra S. Cohen of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Corporation Counsel of the City of Yonkers dated May 12, 2022, and action, inter alia, for declaratory relief, the City of Yonkers and Matthew Gallagher, in his official capacity as Corporation Counsel of the City of Yonkers, appeal from a judgment of the Supreme Court, Westchester County (Melissa A. Loehr, J.), dated July 5, 2023. The judgment, in effect, granted the petition, annulled the determination, declared that the City of Yonkers is obligated to pay the petitioner/plaintiff's attorneys' fees incurred in connection with the subject investigation, and directed the Corporation Counsel of the City of Yonkers to forward a proposed contract for the payment of attorneys' fees to the City Council of the City of Yonkers and related relief.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the City of Yonkers is not obligated to pay the petitioner/plaintiff's attorneys' fees incurred in connection with the subject investigation.
In May 2021, a majority of the members of the City Council of the City of Yonkers (hereinafter the City Council) formally requested that the Inspector General of the City of Yonkers (hereinafter the Inspector General) open an inquiry into allegations of ethical misconduct and the creation of a hostile work environment by the petitioner/plaintiff (hereinafter the petitioner), who was then the president of the City Council. Thereafter, the Inspector General began an investigation into the matters and, in June 2021, issued a subpoena duces tecum, inter alia, requesting that the petitioner produce certain documents. On June 9, 2021, the petitioner sought legal representation from the respondent/defendant Matthew Gallagher, Corporation Counsel of the City of Yonkers, with respect to the investigation by the Inspector General. Gallagher advised the petitioner that, due to a conflict of interest, he could not provide the requested legal representation but that Gallagher had determined "for now" that the petitioner was entitled to be represented by private counsel of his choosing pursuant to Public Officers Law § 18(3)(b).
The petitioner retained private counsel and requested that the Inspector General [*2]withdraw the subpoena. The petitioner's counsel advised Gallagher that if the subpoena was not withdrawn, the petitioner would commence a special proceeding to quash the subpoena. On June 15, 2021, Gallagher advised the petitioner's counsel that a special proceeding would fall outside of the scope of representation previously authorized by Gallagher and would be at the petitioner's own expense. The petitioner's counsel objected. On July 1, 2021, Gallagher advised the petitioner's counsel that Public Officers Law § 18(3)(a) excluded defense of a civil action or proceeding brought against a public employee at the behest of the public entity employer and that the Inspector General was acting on behalf of the City. Gallagher further advised that, in any event, prosecuting a special proceeding against the City would fall outside of the defense and indemnification offered by Public Officers Law § 18.
The petitioner commenced a special proceeding, among other things, to quash the subpoena, and the Supreme Court quashed the subpoena, without prejudice. The Inspector General issued a second subpoena that was substantively the same as the first subpoena, and the petitioner commenced a special proceeding, inter alia, to quash the second subpoena. In an order dated March 11, 2022, the court denied the petition to quash the second subpoena and granted the Inspector General's cross-motion to compel the petitioner to comply with the subpoena.
Subsequently, the petitioner's counsel sought reimbursement for attorneys' fees. On May 12, 2022, Gallagher informed the petitioner's counsel that, in consideration of the language in Public Officers Law § 18(3)(a) excluding a proceeding brought at the behest of the public entity employing the public employee, any legal costs incurred as a result of the investigation would be at the petitioner's own expense. The petitioner then brought this hybrid proceeding pursuant to CPLR article 78 to review the determination dated May 12, 2022, and action, among other things, for declaratory relief and to recover damages for breach of contract against Gallagher, in his official capacity as Corporation Counsel of the City, and the City. The petitioner sought a judgment declaring, inter alia, that the City was obligated to pay the petitioner's attorneys' fees incurred in connection with the Inspector General's investigation. In an order dated March 24, 2023, the Supreme Court, among other things, pursuant to CPLR 103(c), converted the breach of contract cause of action to a cause of action pursuant to CPLR article 78. In a judgment dated July 5, 2023, the court, in effect, granted the petition, annulled the determination, declared that the City is obligated to pay the petitioner's attorneys' fees in connection with the Inspector General's investigation, and directed Gallagher to forward a proposed contract for the payment of the petitioner's attorneys' fees to the City Council and related relief. The City and Gallagher (hereinafter together the appellants) appeal.
Contrary to the appellants' contention, the CPLR article 78 proceeding was not time-barred, as the petition was filed within the four-month statute of limitations period following the May 12, 2022 determination that the City would not pay for any of the petitioner's attorneys' fees incurred in relation to the investigation (see CPLR 217[1]; Matter of McCrory v Village of Mamaroneck Bd. of Trustees, 230 AD3d 786, 789; Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d 809, 811).
However, the Supreme Court erred in granting the petition. Generally, judicial review of an agency determination is limited to whether the determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Lemma v Nassau County Police Officer Indem. Bd., 31 NY3d 523, 528). A determination "is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 652).
When applicable (see Public Officers Law § 18[2]), Public Officers Law § 18 provides for the defense and indemnification of officers and employees of public entities. As relevant here, the statute requires the public entity to provide for the defense of an employee in any civil action or proceeding arising out of any alleged act which allegedly occurred while the employee was acting within the scope of his or her public employment or duties (see id. § 18[3][a]). When a conflict of interest prevents representation by the chief legal officer of the public entity or other [*3]counsel designated by the public entity, the employee shall be entitled to be represented by private counsel of the employee's choice, and reasonable attorneys' fees and litigation expenses shall be paid by the public entity (see id.§ 18[3][b]). However, "[the] duty to provide for a defense shall not arise where [the] civil action or proceeding is brought by or at the behest of the public entity employing such employee" (see id. § 18[3][a]).
Here, the Inspector General commenced the investigation into the petitioner at the behest at the petitioner's employer, and therefore, the City had no duty to provide the petitioner with a legal defense in relation to the Inspector General's investigation (see id. § 18[3][a]; Matter of Barkan v Roslyn Union Free School Dist., 67 AD3d 61, 65). Therefore, the determination that the petitioner was not entitled to reimbursement for such attorneys' fees had a rational basis and was not arbitrary and capricious (see Matter of Barkan v Roslyn Union Free School Dist., 67 AD3d at 63).
Contrary to the petitioner's contention, he was not entitled to reimbursement of his attorneys' fees based upon a theory of breach of contract. "It is well settled that an attorney may not be compensated with public funds for services rendered a municipal officer unless the attorney has been retained in accordance with statutory authority" (Moffatt v Christ, 74 AD2d 635, 635; see Corning v Village of Laurel Hollow, 48 NY2d 348, 351). The Yonkers City Charter provides that "[a]ny city officer or employee entitled to counsel pursuant to Public Officers Law § 18, shall inform the corporation counsel of the counsel who will represent the officer or employee. The corporation counsel shall forward to the City Council a proposed contract for such counsel and the Mayor shall submit a budget transfer to fund the proposed contract. If approved by the City Council, the corporation counsel shall enter into the contract with the officer's or employee's counsel" (Yonkers City Charter, Art. XIII, § C13-2[D]). It is undisputed that corporation counsel never forwarded a proposed contract to the City Council and that the City Council never approved a contract. Thus, contrary to the petitioner's contention, a valid contract for the payment of his attorneys' fees was not formed (see Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County, 227 AD3d 708, 710-711; Moffatt v Christ, 74 AD2d at 635).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment, inter alia, declaring that the City is not obligated to pay the petitioner's attorneys' fees incurred in connection with the Inspector General's investigation (see Lanza v Wagner, 11 NY2d 317, 334).
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court