◼ In the Matter of JAMES SPITZ, Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants. In the Matter of RICHARD VADNEY, Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered April 10, 1984 in Albany County, which granted petitioner's applications, in two proceedings brought pursuant to CPLR article 78, to direct the Attorney-General to provide a defense for petitioners in a civil action brought against them in Federal court.

The issue presented on this appeal is whether the Attorney-General must provide a defense for State correction officers under section 17 of the Public Officers Law in a case where the complaint states a cause of action against the officers under sections 1981 or 1983 of title 42 of the United States Code. We conclude that the Attorney-General is obligated to provide such a defense under the provisions of section 17 of the Public Officers Law. The judgment entered at Special Term should therefore be affirmed.

Petitioners are State correction officers employed at Coxsackie Correctional Facility. They were served with a summons and complaint in a civil action in Federal District Court. The complaint alleges, *inter alia,* that petitioners, in conjunction with Correction Officer Michael Cataldo, took part in an incident on December 3, 1982 in which inmate Calvin N. Jenkins was beaten by correction officers and left unconscious in his cell. Jenkins' complaint further alleges that the acts of petitioner's and others deprived Jenkins of his constitutional rights in violation of Federal law (US Code, tit 42, § 1983).

Petitioners timely requested representation by the Attorney-General under the provisions of section 17 of the Public Officers Law. However, after an investigation into the circumstances of the complaint and certain disciplinary proceedings maintained against petitioners, representation in the Federal civil action was refused by the Attorney-General on the ground that the actions complained of occurred outside the scope of petitioners' public employment.

Petitioners then instituted this proceeding pursuant to CPLR article 78 to compel the Attorney-General to, *inter alia,* provide a defense in the Federal civil action. Special Term, *inter alia,* directed that the Attorney-General provide a defense. Respondents, as limited by their brief, appeal only from so much of the

judgment entered at Special Term as directed the Attorney-General to provide a defense to the Federal civil action.

The complaint in the Federal civil action alleges that petitioners were correction officers at the time of the incident complained of and that the action is maintained against them pursuant to section 1983 of title 42 of the United States Code. Section 17 (subd 2, par [a]) of the Public Officers Law specifically directs that: "the state shall provide for the defense of the employee in any civil action * * * in * * * federal court * * * which is brought to enforce a provision of section * * * nineteen hundred eighty-three of title forty-two of the United States Code." The language of the statutory provision is clear and unambiguous and must be given its ordinary meaning without reference to any other means of interpretation (see *Matter of Shannon v Introne,* 80 AD2d 834, 835, affd 53 NY2d 929; McKinney's Cons Laws of NY, Book 1, Statutes, § 76). Special Term properly found that petitioners were entitled to a defense based on the unequivocal wording of the subdivision in question.

We find it unnecessary to reach the issues raised on this appeal concerning whether the Attorney-General would be obligated to provide a defense where the complaint did not allege that the Federal civil action was being brought pursuant to section 1983 of title 42 of the United States Code.

Judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur. [123 Misc 2d 446.]