In the Matter of JAMES J. SPITZ, Appellant, v THOMAS COUGH-LIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.

Third Department, May 28, 1987

### APPEARANCES OF COUNSEL

*Peter Henner* for appellant.

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

On December 3, 1982, while petitioner was employed as a correction officer at Coxsackie Correctional Facility, he opened the door of the cell in which inmate Calvin V. Jenkins was confined, thereby allowing Correction Officers Michael Cataldo and Richard Vadney to physically assault Jenkins. Thereafter, Jenkins commenced a 42 USC § 1983 action in Federal District Court against petitioner along with other employees of the Department of Correctional Services, alleging that his constitutional rights had been violated.

After he was served with process, petitioner filed a written request with the Attorney-General for indemnification and representation pursuant to Public Officers Law § 17. Representation in the Federal civil action was refused on the ground that petitioner's alleged conduct occurred outside the scope of his public employment. Petitioner commenced a CPLR article 78 proceeding seeking to require the State to defend him. Ultimately, this court upheld a determination that the State was required to defend petitioner *(Matter of Spitz v Abrams,* 105 AD2d 904). It was further decided that petitioner was entitled to private counsel because of a possible conflict of interest involving the Attorney-General's office.

Thereafter, the Federal action against petitioner was settled for the sum of $4,000. Respondent Commissioner of Correctional Services refused to certify the settlement because peti-

tioner was allegedly acting outside the scope of his employment and because the injury to Jenkins resulted from petitioner's intentional wrongdoing or recklessness. Petitioner commenced this CPLR article 78 proceeding seeking a judgment directing respondents to certify the settlement and grant him costs and counsel fees for the instant proceeding. Supreme Court dismissed the petition, and this appeal by petitioner ensued.

Public Officers Law § 17 (3) (b) provides: "An employee represented by the attorney general or by private counsel pursuant to this section shall cause to be submitted to the head of the department * * * in which he is employed any proposed settlement which may be subject to indemnification or payment by the state *and if not inconsistent with the provisions of this section* such head of the department * * * shall certify such settlement, and submit such settlement and certification to the attorney general. The attorney general shall review such proposed settlement as to form and amount, and shall give his approval if in his judgment the settlement is in the best interests of the state. Nothing in this subdivision shall be construed to authorize the state to indemnify and save harmless or pay an employee with respect to a settlement not so reviewed and approved by the attorney general" (emphasis supplied). It is apparent from a reading of this statute, particularly the emphasized phrase, that the decision to certify a settlement is not a ministerial one, but requires some discretion by the department head. Public Officers Law § 17 (3) (a) provides that the State shall indemnify its employees for a judgment or settlement provided that the act or omission which was the subject of the judgment or settlement "occurred while the employee was acting within the scope of his public employment or duties". The statute goes on to expressly state that "the duty to indemnify and save harmless or pay prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing on the part of the employee". In the instant case, the State takes the position that petitioner was not acting within the scope of his employment and that, accordingly, it need not certify the settlement. If the State is correct, then certification of the settlement would be inappropriate since the settlement would be "inconsistent with the provisions of [the statute]" (Public Officers Law § 17 [3] [b]). Petitioner contends that he was acting within the scope of his employment, thus creating an issue of fact on this point, which requires litigation to resolve.

However, petitioner's choice of a CPLR article 78 proceeding was not appropriate.

In the setting in which the proceeding arose, the issue which an article 787 proceeding could be used to resolve would be whether the Commissioner's action in refusing to certify the settlement was arbitrary or capricious or an abuse of discretion (CPLR 7803 [3]). Since there is an unresolved dispute over whether petitioner was acting within the scope of his employment, the settlement cannot be said to be consistent with the statute. Thus, it clearly was not arbitrary or capricious or an abuse of discretion for the Commissioner to refuse to certify the settlement. Indeed, it would have been improper for the Commissioner to have done otherwise. Resolution of the factual issue of whether petitioner was acting within the scope of his employment and, accordingly, whether certification would be proper is more properly the subject of a declaratory judgment action. Therefore, we choose to convert this proceeding into a declaratory judgment action* and remit it to Supreme Court for a factual determination.

Finally, regarding petitioner's claim for counsel fees for prosecuting this proceeding to secure approval of the settlement offer, such claim is to be made by way of a motion or special proceeding (see, Public Officers Law § 17 [2] [b]). Here, such claim would best be made in the context of the declaratory judgment action being remitted to Supreme Court.

KANE, CASEY, WEISS and HARVEY, JJ., concur.

Judgment reversed, on the law and the facts, without costs, proceeding converted to an action for declaratory judgment and matter remitted to Supreme Court for further proceedings not inconsistent herewith.

---

* To clarify certain contentions made by the parties, we note that the preclusive effect of any findings regarding this issue made in the Federal action would be determined by application of the doctrine of collateral estoppel or issue preclusion.