In the Matter of NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, et al., Respondents, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants.

Third Department, March 3, 1988

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (John Q. Driscoll* of counsel), for appellants.

*Lauren P. DeSole* for respondents.

## OPINION OF THE COURT

KANE, J. P.

Petitioner Brian Caster, a State correction officer, was named as a defendant in a Federal civil action. The complaint alleged that Caster, along with other correction officers, used excessive force resulting in injuries to the plaintiff, who was an inmate at the correctional facility where Caster was employed. The Assistant Attorney-General assigned to the case notified Caster of his right under Public Officers Law § 17 to representation by respondent Attorney-General's office and Caster accepted. Subsequently, however, the Assistant Attorney-General, on behalf of the Attorney-General's office, requested that they be permitted to withdraw as Caster's counsel due to his alleged failure to cooperate with her in the defense of the Federal suit in violation of Public Officers Law § 17 (4) (ii). A stipulation was entered into permitting the withdrawal of the Attorney-General's office and the substitution of new counsel for Caster. It was agreed that the State's responsibilities to Caster under Public Officers Law § 17 would be resolved by litigation in State court. Petitioners thereafter commenced the instant CPLR article 78 proceeding seeking, *inter alia,* to compel the State to continue representing Caster in the Federal suit. Supreme Court ruled in favor of petitioners and respondents have appealed.

Public Officers Law § 17 (4) (ii) provides that the State's duty to defend or indemnify a State employee in an action such as the Federal suit against Caster is conditioned upon "the full cooperation of the employee in the defense of such action". The primary basis for the claim that cooperation was lacking in this case is Caster's failure to attend a scheduled deposition that took place on June 10, 1986. Both sides submitted affida-

vits and the Assistant Attorney-General states in her affidavit that Caster wanted the deposition to last only 30 minutes and that he insisted that he did not have to answer certain questions. She also states that he questioned the necessity of even appearing without a court order and subpoena and that he did not accept her explanations of the deposition process. Caster, for his part, asserts in his affidavit that on the date in question, when he reported to work, none of his supervisors was aware of the deposition and that no arrangements had been made for him to leave. Upon inquiry, he was referred to a supervisor who called the Assistant Attorney-General. According to a memorandum prepared by that supervisor, he asked the Assistant Attorney-General if she wished him to order Caster to appear, to which she replied he should do this on his own and that she felt an order would be inappropriate. The Assistant Attorney-General's account of this phone conversation is basically the same. Caster claims that he now realizes that he had a legal obligation to attend the deposition and that the Assistant Attorney-General did not discuss the process enough beforehand. The Assistant Attorney-General asserts that she properly advised Caster of the necessity of his appearing.

In interpreting the phrase "full cooperation", this court in a previous case turned for guidance to a similar phrase contained in Insurance Law former § 167 (5), which concerns an insurer's duty to defend its insured (see, Matter of Garcia v Abrams, 98 AD2d 871, reconsideration granted and decision amended on other grounds 101 AD2d 601). We adopted the three-pronged test used for determining whether an insured has failed to cooperate with its insurance company. Accordingly, for the State to prevail in the case at hand, it is required to show that (1) the Assistant Attorney-General acted in due diligence in seeking Caster's cooperation, (2) her efforts were reasonably calculated to obtain such cooperation, and (3) Caster evinced an attitude of willful and avowed obstruction (supra, at 872). The burden is on the State to show that these requirements were met and the burden is considered a heavy one (supra, at 872). Finally, even if the burden is met, the failure to cooperate must have been both material and substantial (supra, at 872).

Based on the evidence before us, we find that the State has failed to carry its burden. Caster's failure to attend the deposition is the only evidence of any lack of cooperation on his part and we do not find this failure to be of such magni-

tude as to warrant the State's withdrawal from his defense. Aside from that failure, Caster completed all the papers for his defense as requested by the Assistant Attorney-General. The evidence fails to show any willful or avowed obstruction on Caster's part. While a review of the correspondence and the conversations between the parties indicates that this particular Assistant Attorney-General and Caster had a personality conflict and she therefore should be permitted to withdraw, we agree with petitioners that the State still has a duty under Public Officers Law § 17 to defend Caster in the Federal suit. Additionally, it cannot be said that the breach was material or substantial. Another deposition was scheduled for August 22, 1986 which Caster did attend. The State's ability to defend was therefore not impeded.

Respondents next claim that Supreme Court erred in ordering them to indemnify Caster for any judgment rendered against him in the Federal action. It is true that an order for indemnification at this stage of the proceedings is premature (see, Matter of Spitz v Coughlin, 128 AD2d 281; Matter of Spitz v Abrams, 123 Misc 2d 446, 447-448, affd 105 AD2d 904). However, Supreme Court did not make such an order in this case but merely stated that the State must indemnify Caster "in accordance with its obligations under Section 17 of the Public Officers Law". There was no requirement or direction that the State was required at this stage to indemnify Caster.

WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.