JAMES J. SPITZ, Appellant-Respondent, v THOMAS

COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents-Appellants. —Mahoney, P. J. Cross appeals from an order of the Supreme Court (Hughes, J.), entered March 20, 1989 in Albany County, which, *inter alia,* denied motions by plaintiff and defendants for summary judgment.

This matter has been before us twice previously (128 AD2d 281; 105 AD2d 904, *affg* 123 Misc 2d 446) and the pertinent facts are set forth in our most recent remittal (128 AD2d 281, *supra).* Before Supreme Court upon remittal, the parties cross-moved for summary judgment. Supreme Court denied both motions but ruled that plaintiff was not entitled to recover counsel fees. These cross appeals followed.

The dispositive issue is whether plaintiff was acting within the scope of his employment on December 3, 1982 when he opened the jail cell confining Calvin Jenkins, thereby allowing two correction officers to physically assault Jenkins. Our review of the record reveals that at the time in question, plaintiff was supervising an area of the jail which included Jenkins' cell. His supervisory duties included control over the lock box by which cell doors were opened. Plaintiff testified at an examination before trial that he knew that Jenkins was in cell 23 under a keeplock order, pursuant to which the cell was only to be opened by order of a supervisor, for meals or in an emergency. Despite an absence of such circumstances, plaintiff opened cell 23, allowing the two other officers access to Jenkins. It further appears from the record that plaintiff was involved in preparing a false report concerning what had occurred and accepted a disciplinary penalty for his conduct in this affair.

Considering these facts against the factors applicable in deciding whether an employee's conduct was within the scope of employment *(see, Riviello v Waldron,* 47 NY2d 297, 303), we conclude that plaintiff's actions were outside the scope of his employment. Plaintiff undertook acts contrary to known operating procedures and the essential correctional facility goal of maintaining order, discipline and control. Plaintiff's participation in the Jenkins matter reveals acts undertaken knowingly which indicate an intentional course of conduct contrary to institutional rules, training and common sense. Under such circumstances, plaintiff is not entitled to indemnification under Public Officers Law § 17 (3) (a). We likewise find no entitlement to counsel fees in this action *(see, e.g., Matter of Garcia v Abrams,* 98 AD2d 871, 873, *amended* 101 AD2d 601).

Order modified, on the law, without costs, by reversing so

much thereof as denied defendants' cross motion for summary judgment; cross motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.