OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs, and the certified question answered in the negative.
 

 Claimant Frontier Insurance Company is an insurer of two physicians employed by the State as assistant professors at medical schools of the State University of New York. In unrelated cases, each doctor was served with a complaint alleging medical malpractice in the performance of surgical procedures.
 

 Pursuant to Public Officers Law § 17 (2) (a), the doctors requested the State to defend them. The State denied the requests, claiming that the alleged malpractice did not occur within the scope of the doctors’ public employment. It referred the doctors to policies issued by claimant Frontier, which obligated claimant to defend and indemnify the doctors for incidents of malpractice committed in the course of private practice or when the State denied Public Officers Law § 17 coverage. Frontier defended the doctors against the malpractice actions, negotiated settlements of each, and indemnified the doctors for the amount of those settlements. It then commenced these actions in the Court of Claims, as subrogee of the doctors, alleging that the State wrongfully refused to honor its obligations under Public Officers Law § 17 and demanding judgment against the State for the amounts expended in defending and indemnifying them. The two proceedings were consolidated in the Court of Claims.
 

 As the matter comes to us, the principal issue for determination is whether the claim for defense was amenable to CPLR article 78 review and therefore barred by the four-month Statute of Limitations. We hold that it is.
 

 The Attorney-General’s determination to grant or deny a defense under Public Officers Law § 17 (2) (a) is an administrative decision much like decisions rendered by other administrative agencies in response to an application for a benefit granted by a governmental entity (see,
 
 e.g., Matter of Teachers Ins. & Annuity Assn. v City of New York,
 
 82 NY2d 35). Thus, to
 
 *867
 
 protect their right to a defense under the statute, the physicians were required to challenge the State’s denial of a defense in a timely article 78 proceeding.
 

 In the context of Public Officers Law § 17 (2) (a), the Attorney-General’s role can be analogized generally to the role of a private insurer from whom the insured demands a defense. An insurer’s duty to defend arises whenever the complaint in the underlying action alleges facts which fall within the policy’s coverage, even if those allegations are false or groundless
 
 (Seaboard Sur. Co. v Gillette Co.,
 
 64 NY2d 304, 310). The insurer can prevail only if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer will be obligated to indemnify the insured
 
 (Servidone Constr. Corp. v Security Ins. Co.,
 
 64 NY2d 419, 424, quoting
 
 Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,
 
 39 NY2d 875, 876).
 

 The statutory parameters of the duties to defend and indemnify public employees, as set forth in Public Officers Law § 17, are similar. The State’s broad duty to defend an employee arises whenever it appears that the "alleged act or omission [in fact] occurred
 
 or
 
 is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties” (Public Officers Law § 17 [2] [a] [emphasis added]). As in the private insurance context, the duty to defend may be plainly triggered by allegations of State employment contained in the complaint in the underlying action. But the complaint may be silent on the point if the plaintiff in the underlying action was unaware that the physician was employed by the State or that the acts complained of were committed within the scope of State employment. Because the scope of the State’s obligation to defend a public employee is defined by statute, not contract, the duty may also be triggered by facts in addition to those alleged by the plaintiff in the underlying complaint.
 

 In an article 78 proceeding to determine whether the Attorney-General’s denial was rational, the court can review the facts upon which the Attorney-General relied when he denied the defense and the court may, if necessary, take proof to determine if there are circumstances which do not appear in the pleadings but in which the duty to defend the underlying litigation arises. The rationality of the Attorney-General’s refusal is litigated under the standard articulated in the private insurance context — the denial of a defense is rational only if the court determines that there is no possible factual or legal basis on which the State may be obligated to indemnify the employee, as a matter of law.
 

 
 *868
 
 Inasmuch as the issue could have been resolved in an article 78 proceeding, the doctors were required to challenge the denial of a defense within the four-month Statute of Limitations applicable to article 78 proceedings. They could not escape that limitation by simply denominating the action a plenary action for indemnification of the costs of the defense, which is entitled to a longer Statute of Limitations
 
 (see, Solnick v Whalen,
 
 49 NY2d 224, 229-230;
 
 New York City Health & Hosps. Corp. v McBarnette,
 
 84 NY2d 194, 201).
 

 However, the Appellate Division correctly denied the State’s motion for summary judgment with respect to the claim for indemnification because the State did not establish, as a matter of law, that the doctors had waived the benefits of subdivision (3) of Public Officers Law § 17.
 

 We have considered the remaining issues raised by the parties and conclude that they are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order affirmed, etc.