■ In the Matter of VILMA LANCASTER et al., Appellants, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. (Proceeding No. 1.) In the Matter of WILLIAM F. GLACKEN et al., Appellants, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. (Proceeding No. 2.) [939 NYS2d 122]—

"[A] municipal employer's statutory duty to defend pursuant to Public Officers Law § 18 is analogous to an insurance company's contractual duty to defend an insured" (*Matter of Dreyer v City of Saratoga Springs*, 43 AD3d 586, 588 [2007]; *cf. Matter of Garcia v Abrams*, 98 AD2d 871 [1983]; *Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Abrams*, 135 AD2d 304, 306 [1988]; *see generally Frontier Ins. Co. v State of New York*, 87 NY2d 864, 867 [1995]; *Matter of Barkan v Roslyn Union Free School Dist.*, 67 AD3d 61, 67-68 [2009]). "In order to disclaim coverage on the ground of an insured's lack of cooperation, the carrier must demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after cooperation was sought, was one of willful and avowed obstruction" (*New York State Ins. Fund v Merchants Ins. Co. of N.H.*, 5 AD3d 449, 450 [2004]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]; *see also Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Abrams*, 135 AD2d at 306).

The determination of the Board of Trustees of the Incorporated Village of Freeport terminating the Village's obligation to provide defense and indemnification for the appellants in sev-

eral underlying civil actions was not arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]). The appellants' conduct, after their cooperation in the defense of those actions was diligently sought, was one of willful and avowed obstruction (*see Continental Cas. Co. v Stradford*, 46 AD3d 598 [2007], *mod* 11 NY3d 443 [2008]; *Allstate Ins. Co. v United Intl. Ins. Co.*, 16 AD3d 605, 606 [2005]; *cf. Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Abrams*, 135 AD2d 304 [1988]). Contrary to the appellants' contention, under the circumstances of this case, nondisparagement clauses set forth in the stipulations of settlement and discontinuance negotiated on their behalf in the underlying civil actions did not constitute prior restraints on free speech (*see generally Alexander v United States*, 509 US 544, 550 [1993]; *see United States v Quattrone*, 402 F3d 304, 309 [2005]).

Accordingly, the Supreme Court properly denied the petitions and dismissed the proceedings. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.