■ TOWN OF RHINEBECK, Appellant, v STATE OF NEW YORK et al., Respondents. [46 NYS3d 143]—

In a claim, inter alia, for reimbursement of attorneys' fees and litigation costs pursuant to Environmental Conservation Law § 44-0119 (7), the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated September 17, 2013, which granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (2) and (5) to dismiss the claim.

Ordered that the order is reversed, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (2) and (5) to dismiss the claim are denied.

In 1991, the New York State Legislature adopted article 44 of the Environmental Conservation Law (hereinafter the Greenway legislation), which created the Hudson River Valley Greenway (hereinafter the Greenway). The purpose of this article was to "protect and enhance the special places of scenic, cultural and ecological importance" in the Hudson River Valley (ECL 44-0101). Among other things, the Greenway legislation created a regional planning council and gave communities within its range the opportunity to enter into the "Greenway Compact," a voluntary regional compact among municipalities to facilitate cooperative planning (see ECL 44-0103 [2], [4]; 44-0119). To encourage communities to participate in the compact, the State of New York agreed that participating communities (as defined by ECL 44-0103 [10]) would be entitled to indemnification in actions arising from their participation in the compact (see ECL 44-0119 [7]). In 1992, this provision was amended to limit the indemnification in actions alleging, among other things, unlawful discrimination. The amendment provided that communities would be entitled to reimbursement for all reasonable attorneys' fees and litigation expenses only if they prevailed in the underlying action.

In 2010, two separate actions were commenced against the Town of Rhinebeck in connection with its participation in the Greenway Compact. The Town sought a defense in each of these actions from the Office of the Attorney General. On July 8, 2011, the Office of the Attorney General denied the Town's request for representation. The Town successfully defended against and obtained the dismissal of both actions and, thereafter, sought reimbursement of its attorneys' fees and litigation expenses pursuant to ECL 44-0119 (7). The reimbursement was denied.

In December 2012, the Town commenced this claim in the Court of Claims seeking, inter alia, to enforce its alleged statutory entitlement to reimbursement. The State moved, inter alia, pursuant to CPLR 3211 (a) (2) and (5) to dismiss the Town's claim. The Court of Claims granted those branches of the State's motion. In reaching its determination, the Court of Claims relied primarily upon *Frontier Ins. Co. v State of New York* (87 NY2d 864 [1995]), and concluded that the State's refusal to provide the Town with a defense can only be challenged in a CPLR article 78 proceeding timely commenced in the Supreme Court. Thus, the Court of Claims found that the Town's claim was time-barred and that it lacked subject matter jurisdiction. We disagree.

Contrary to the Court of Claims' determination, *Frontier Ins. Co. v State of New York* is not controlling herein. In *Frontier*, the Court of Appeals considered whether a claim for a defense under Public Officers Law § 17 (2) (a) was amenable to CPLR article 78 review and, therefore, subject to its four-month statute of limitations (*see Frontier Ins. Co. v State of New York*, 87 NY2d at 866). Public Officers Law § 17 (2) (a) provides that the State shall defend State employees against actions or proceedings commenced against them for acts or omissions committed in the course of their public employment. Should the Attorney General decline to represent the employee or should a conflict arise, the employee is entitled to representation by private counsel of his or her choice, for which the State is obligated to pay (*see* Public Officers Law § 17 [2] [b]). The State is also obligated to indemnify the State employee in the amount of any judgment obtained against him or her, except where the judgment arises from the employee's intentional wrongdoing (*see* Public Officers Law § 17 [3] [a]).

In interpreting Public Officers Law § 17 (2) (a), the Court of Appeals held in *Frontier* that "[t]he Attorney-General's determination to grant or deny a defense under Public Officers Law § 17 (2) (a) is an administrative decision much like deci-

sions rendered by other administrative agencies in response to an application for a benefit granted by a governmental entity" (*Frontier Ins. Co. v State of New York*, 87 NY2d at 866). In the context of the statute at issue in *Frontier*, the State's duty to defend an employee was found to be similar to that of a private insurer. The State's obligation to defend arose whenever it appeared that the "alleged act or omission [in fact] occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties" (*id.* at 867 [internal quotation marks omitted]). The issue of whether the Attorney General's denial of a defense was rational was determinable in a CPLR article 78 proceeding. Thus, the employee was required to challenge the Attorney General's denial of a defense within the four-month statute of limitations applicable to CPLR article 78 proceedings (*see id.* at 868).

The statute at issue in *Frontier*, Public Officers Law § 17 (2) (a), is *not* analogous to ECL 44-0119 (7), the applicable statute herein.

Specifically, ECL 44-0119 (7) provides, in relevant part: "For each such participating community there shall be indemnity from the state in the event of legal actions brought against the community or its agents that may result from the community's acquisition of land consistent with its regional plan or the adoption or implementation of any land use control including, but not limited to, a zoning law or ordinance. . . . [S]uch indemnity shall not apply to any such claim that results from intentional wrongdoing, recklessness, gross negligence or an unlawful discriminatory practice as provided in subdivisions two, two-a, three-b, four, paragraphs (a) and (b) of subdivision five and subdivisions six, seven, fourteen and eighteen of section two hundred ninety-six of the executive law and 42 USC §§ 1981, 1983 by such community or its agents. In any claim against a participating community of unlawful discriminatory practice, the attorney general shall not represent the defendant or defendants; provided, however, that if the plaintiff is not the prevailing party, the defendant or defendants shall be reimbursed by the state for all reasonable attorneys' fees and litigation expenses incurred in the defense of the action."

Unlike Public Officers Law § 17 (2) (a), which required the State to provide a defense directly, ECL 44-0119 (7) speaks of reimbursement and indemnification, and expressly states that, "[i]n any claim against a participating community of unlawful discriminatory practice, the attorney general shall not represent" the Town. Instead, pursuant to ECL 44-0119 (7), if the

Town prevails in litigating against "any claim" of unlawful discriminatory practice, it "shall" be reimbursed by the State for all reasonable attorneys' fees and litigation expenses incurred in the defense of the action. Contrary to the facts presented in *Frontier*, the gravamen of the Town's claim herein was for reimbursement of attorneys' fees and litigation costs incurred by it in the defense of the two subject actions. The Town's claim at bar is one for money damages against the State—a claim that was timely brought in the Court of Claims, which has exclusive jurisdiction of such matters (*see* NY Const, art VI, § 9; Court of Claims Act §§ 8, 9, 10). Accordingly, those branches of the State's motion which were pursuant to CPLR 3211 (a) (2) and (5) to dismiss the claim should have been denied. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.