16-2862
*MIC Gen. Ins. Co. v. Chambers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand seventeen.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

MIC GENERAL INSURANCE COMPANY,

> *Plaintiff-Counter-*
> *Defendant-Appellant,*

v.                                                   No. 16-2862

WANEMA ALLEN, as mother and natural guardian of B.D.,

> *Defendant-Counter-*
> *Claimant-Appellee,*

1

SHAWN CHAMBERS,

        *Defendant-Appellee,*

PERTIE CHAMBERS & FERDINAND
CHAMBERS,

        *Defendants.*

–––––––––––––––––

| | |
|---|---|
| FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLANT: | AGNIESZKA WILEWICZ, Hurwitz & Fine, P.C., Buffalo, NY. |
| FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE: | JEFFREY L. SCHULMAN, Liner, LLP, New York, NY. |
| FOR DEFENDANT-APPELLEE: | SHAWN CHAMBERS, *pro se*, Bronx, NY. |

Appeal from a July 25, 2016 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **REVERSED** and the case **REMANDED** with directions to enter judgment in favor of appellant.

2

Appellant MIC General Insurance Company ("MIC") appeals from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*), denying MIC's motion for summary judgment in part, granting appellee Wanema Allen's cross-motion for summary judgment, and declaring that MIC must defend and indemnify its insured, appellee Shawn Chambers, in a lawsuit Allen brought against him in New York state court for injuries her son allegedly sustained at a three-family residence Chambers owned in the Bronx. MIC sought a declaratory judgment that it has no duty to defend or indemnify Chambers in the state court action under the "Expanded Homeowners Policy" it issued for the property where the alleged injury occurred. MIC argued the policy excluded coverage because Chambers did not reside there at the time of the injury. The district court determined the policy was ambiguous and construed it in favor of the insured. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to reverse.

The district court's interpretation of the insurance contract, as well as its grant of summary judgment to the insured, is subject to *de novo* review. *See*

*United Air Lines, Inc. v. Ins. Co. of Pa.*, 439 F.3d 128, 130 (2d Cir. 2006); *Olin Corp. v. Ins. Co. of N. Am.*, 221 F.3d 307, 320 (2d Cir. 2000).

In construing the language of an insurance policy under New York law, courts "must examine the entire contract to determine its purpose and effect and the apparent intent of the parties." *A. Meyers & Sons Corp. v. Zurich Am. Ins. Grp.*, 74 N.Y.2d 298, 303 (1989) (internal quotation marks omitted). The policy will be deemed ambiguous and interpreted in favor of the insured only if, after "affording a fair meaning to all of the language employed by the parties . . . and leaving no provision without force and effect," there is a "reasonable basis for a difference of opinion as to the meaning of the policy." *Fed. Ins. Co. v. Int'l Bus. Machs. Corp.*, 18 N.Y.3d 642, 646 (2012) (internal quotation marks and brackets omitted). If the language "has a definite and precise meaning, unattended by danger of misconception," it "shall be applied as written, either in favor of or against coverage, depending entirely on the language used." *Id.* (internal quotation marks and citations omitted).

Under the "Expanded Homeowners Policy" at issue, MIC agreed to defend and indemnify Chambers against liability for claims of bodily injury "caused by an 'occurrence' to which [the policy] applies." App. 179. The policy

4

excludes coverage, however, for injury "[a]rising out of a premises . . . that is not an 'insured location.'" *Id.* at 180. The policy defines "insured location" to include, among other things, "[t]he 'residence premises,'" which it defines, in turn, as follows:

> 8. "Residence premises" means:
>     a. The one family dwelling, other structures, and grounds; or
>     b. That part of any other building;
>
> where you reside and which is shown as the "residence premises" in the Declarations.
>
> "Residence premises" also means a two family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" in the Declarations.

*Id.* at 168.

An "Endorsement" to the policy "amended" the definition of "'residence premises' . . . to include the three or four family dwelling described in the Declarations of this policy" for "an additional premium." *Id.* at 192. The Endorsement further states that "[a]ll other provisions of this policy apply." *Id.* As referenced in the original definition of "Residence premises" and in the Endorsement, the Declarations page explicitly identifies "[t]he residence premises covered by this policy" as the "*Owner*"-occupied, three-family residence where the alleged injury took place. *Id.* at 159 (emphasis added). Read

5

together, these provisions unambiguously require Chambers to reside at the "residence premises" in order to trigger MIC's duty to defend.

The fact that the Endorsement's amended definition of "residence premises" does not repeat the phrase "where you reside" does not change that conclusion or render the policy ambiguous. To the contrary, by stating that "[a]ll other provisions of this policy apply," the Endorsement requires us to give effect to those portions of the agreement that define the "Residence premises" as the place "where [the insured] reside[s]." *See Cty. of Columbia v. Cont'l Ins. Co.*, 83 N.Y.2d 618, 628 (1994) (insurance contracts must be construed to "give full force and effect to the words in the policy"). Moreover, the Endorsement states that the "Residence premises" includes "*the* three or four family dwelling *described in the Declarations of this policy*"—which identify "[t]he residence premises" as "[o]wner"-occupied. *See* App. 159, 192 (emphases added).

The district court failed to consider the combined effect of these provisions and focused solely on the absence of the phrase "where you reside" from the policy's Endorsement. It is true that, for an additional premium, an insurer might issue an endorsement that removes a residency requirement otherwise present in and fundamental to a homeowner's policy. But MIC's Endorsement

6

does not evidence such an agreement—a point on which we find no ambiguity when the Endorsement is read in context. In construing the terms of a policy, "the question is not simply whether the insurer could have phrased the provision differently" but "whether the provision, as written, is sufficiently clear and precise" in light of the reasonable expectations of the average policy holder and the language of the policy as a whole. *Fed. Ins. Co.*, 18 N.Y.3d at 650. The language of the homeowners policy at issue here, read as a whole and with an eye to the risks insured, is clear. It cannot reasonably be read to provide coverage to the noted "Residence premises" if Chambers did not reside at that location.

Although an insurer's duty to defend an insured in a pending lawsuit is "exceedingly broad," *Auto. Ins. Co. of Harford v. Cook*, 7 N.Y.3d 131, 137 (2006) (internal quotation marks omitted), the insurer has no duty to defend "if it can be concluded as a matter of law that there is no possible factual or legal basis on which the insurer will be obligated to indemnify the insured," *Frontier Ins. Co. v. State*, 87 N.Y.2d 864, 867 (1995). In view of the unambiguous language of the policy and the undisputed fact that Chambers did not reside at the insured address, MIC has no duty to defend him in the state court action. *See Burt Rigid*

*Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 96–97 (2d Cir. 2002) (concluding that under New York law, an insurer, in arguing that it had no duty to defend as a matter of law, could rely on undisputed evidence of facts that conclusively established it faced no possible liability, even though the facts were not alleged in the complaints in the underlying suits against the insured); *see also Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 148 (2d Cir. 2004).

Because the duty to indemnify is narrower than the duty to defend, it "is unnecessary to engage in a separate analysis" of that claim. *EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co.*, 905 F.2d 8, 11 (2d Cir. 1990). Although MIC requested entry of final judgment against itself as to the duty to indemnify following the district court's partial denial of its motion for summary judgment, the issue is properly before us because MIC merely requested an order final in form as to issues the district court already had, in effect, decided against MIC as a matter of law. *See Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88–89 & n.7 (2d Cir. 2013).

Accordingly, the judgment of the district court is REVERSED and the case REMANDED with directions to enter judgment in favor of appellant.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8