MIC Gen. Ins. Corp. v Campbell (2020 NY Slip Op 01465)





MIC Gen. Ins. Corp. v Campbell


2020 NY Slip Op 01465


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11169 23851/16E

[*1] MIC General Insurance Corporation, Plaintiff-Appellant,
v
Esmie Campbell, Defendant-Respondent, Guiseppina Scalisi, Defendant.


Law Office of James J. Croteau, New York (James J. Croteau of counsel), for appellant.
Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 15, 2019, which denied plaintiff's motion for summary judgment declaring that it has no obligation to defend or indemnify defendant Esmie Campbell in the underlying personal injury action, granted defendant's cross motion for summary judgment declaring in her favor, and so declared, unanimously reversed, on the law, without costs, the declaration vacated, plaintiff's motion granted, defendant's motion denied, and it is declared that plaintiff is not obligated to defend or indemnify defendant in the underlying action.
Plaintiff demonstrated, via defendant's admission in a statement to its investigator and the investigator's inspection of the insured premises, that defendant did not reside at the premises and was therefore not covered by the policy (see Almonte v CastlePoint Ins. Co., 140 AD3d 658 [1st Dept 2016]).
Contrary to defendant's argument, the policy endorsement that amends the definition of "residence premises" — previously, "[t]he one-family dwelling ... where you reside" — to include three- and four-family dwellings without repeating the phrase "where you reside" is not ambiguous. The endorsement also states that "[a]ll other provisions of this policy apply," which gives effect to those portions of the policy that define "residence premises" as the place "where [the insured] reside[s]" (MIC Gen. Ins. Co. v Allen, 697 Fed Appx 717, 719 [2d Cir 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK