Matter of Cuer v State of New York (2023 NY Slip Op 05643)

Matter of Cuer v State of New York

2023 NY Slip Op 05643

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

536107
[*1]In the Matter of Carl Cuer, Appellant,
v
State of New York et al., Respondents.

Calendar Date:September 12, 2023

Before:Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ.

Dadd, Nelson, Wilkinson & Wujcik, Attica (James M. Wujcik of counsel), for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondents.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Richard M. Platkin, J.), entered June 15, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion for summary judgment dismissing the petition/complaint.
Petitioner was a correction officer employed by respondent Department of Corrections and Community Supervision (hereinafter DOCCS) who worked at the Attica Correctional Facility during the relevant period. Beginning in 2009, Pamela Small, a teacher at the facility, was subjected to unwelcome and increasingly disturbing romantic advances by petitioner. Small described how petitioner told her in 2009 that God was speaking to him and had revealed "that his wife will die and that [Small will] become his next wife." Petitioner thereafter pursued Small relentlessly, "constantly" coming to her classroom, calling her on the phone and sending her notes, text messages and emails. The behavior continued after Small told petitioner that she was offended in January 2010 and wrote him a letter in March 2010 directing him to stop bothering her. In the summer of 2010, notes were left on Small's vehicle in the facility parking lot implying that petitioner was watching her and, on at least one occasion, he repeatedly texted her in the early morning hours in a manner that implied that he was sitting outside of her home. Petitioner further lodged a complaint against Small, accusing her of having an inappropriate relationship with an incarcerated individual, that was later determined to be meritless. After it became apparent that DOCCS officials were not taking her repeated complaints about this conduct seriously, Small filed a police report regarding petitioner's behavior in November 2010 and obtained an order of protection against him that he was later arrested for violating. The stress of petitioner's ongoing behavior caused Small to develop physical and mental problems, and she stopped working at her physician's direction in January 2011. She never returned to work at the facility, and was terminated by DOCCS in February 2012.
Later in 2012, Small commenced an action in the US District Court for the Western District of New York against petitioner, the State of New York, DOCCS and two facility officials who failed to address her complaints about petitioner's conduct, alleging that she had been subjected to unlawful discrimination, hostile work environment, sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 1983 and Executive Law § 296. Petitioner was initially provided a defense in that action by the Attorney General, but retained private counsel in 2014 after being advised that the Attorney General could no longer represent him but that the State of New York would continue to cover his reasonable counsel fees and litigation costs (see Public Officers Law § 17 [2] [a], [b]). The matter proceeded to a jury trial and, at the trial's [*2]conclusion, the jury returned a verdict that, in relevant part, found petitioner liable and awarded compensatory and punitive damages. The amount of compensatory damages was reduced as the result of postverdict motion practice; thereafter, judgment was entered in Small's favor against petitioner for $2,880,000 in compensatory damages and $50,000 in punitive damages. Petitioner appealed from the judgment, and the US Court of Appeals for the Second Circuit affirmed in May 2020 (see Small v Cuer, 812 Fed Appx 45 [2d Cir 2020]). In so doing, the Second Circuit observed that the award of noneconomic and punitive damages against petitioner was supported by proof of his "egregious conduct, including sending Small threatening messages, making unwanted advances after she asked him to stop, filing a false complaint accusing her of an inappropriate relationship with an inmate, and violating an order of protection" (id. at 49).
Petitioner requested that he be indemnified for the judgment amount in June 2020 and, receiving no response, reiterated that request in October 2020. In November 2020, the Acting Deputy Commissioner and Counsel of DOCCS replied and declined to indemnify petitioner because the judgment resulted from intentional wrongdoing by him that fell outside of the scope of his employment (see Public Officers Law § 17 [3] [a]). Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action to challenge that determination in March 2021. In lieu of answering, respondents moved to change venue from Wyoming County to Albany County and to dismiss the petition/complaint for failure to state a claim. Supreme Court (Mohun, J.) granted that part of the motion seeking a change of venue and denied that part of the motion seeking dismissal without prejudice to renewal in Albany County. Respondents continued to seek dismissal of the petition/complaint upon transfer, and Supreme Court (Platkin, J.) gave notice that it intended to treat their application as a motion for summary judgment and afforded the parties an opportunity to submit additional evidence (see CPLR 3211 [c]). The parties did so and, thereafter, Supreme Court granted the motion and dismissed the petition/complaint. Petitioner appeals.
We affirm. Although "Public Officers Law § 17 (3) (a) provides that the State shall indemnify its employees for a judgment or settlement provided that the act or omission which was the subject of the judgment or settlement occurred while the employee was acting within the scope of his [or her] public employment or duties," that duty does not extend to cases in which "the injury or damage resulted from intentional wrongdoing on the part of the employee" (Matter of Spitz v Coughlin, 128 AD2d 281, 283 [3d Dept 1987] [internal quotation marks omitted]; see Hubbard v New York State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr., 192 AD3d 1586, 1589 [4th Dept 2021]). There is no doubt that "intentional acts of sexual harassment . . . [are[*3]] not within the scope of [an individual's] employment and [do] not advance the [State's] interests" (Town of Somers v Titan Indem. Co., 289 AD2d 563, 564 [2d Dept 2001]; see Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 818 [3d Dept 2006]). To the minimal extent that petitioner attempts to claim that his behavior toward Small did not constitute intentional wrongdoing, the jury that found him liable for that behavior disagreed. In particular, the jury found that his actions created a hostile work environment in violation of 42 USC § 1983, and the jury was instructed that it could make that finding if petitioner had "intentionally deprived [Small] of a federal right" and had done so "voluntarily and deliberately." The record therefore reflects that the jury necessarily determined that petitioner's wrongdoing was intentional, and he is now collaterally estopped from arguing otherwise (see Matter of Coker v City of Schenectady, 200 AD2d 250, 253-254 [3d Dept 1994], appeal dismissed 84 NY2d 1027 [1995]). Thus, as respondents demonstrated that a rational basis existed for the determination that petitioner was not entitled to indemnification, and petitioner did not raise a material question of fact in response, Supreme Court properly granted summary judgment to respondents (see Spitz v Coughlin, 161 AD2d 1088, 1089 [3d Dept 1990]; see also Komlosi v Cuomo, 99 AD3d 458, 458-459 [1st Dept 2012], lv denied 20 NY3d 857 [2013]).
Finally, as the foregoing demonstrates that petitioner is not entitled to a declaratory judgment in his favor, his contention that Supreme Court erred in dismissing the part of the petition/complaint seeking that relief on procedural grounds is academic.
Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.